IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY GIEB, | : CIVIL ACTION |
| | : NO. 17-1374 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| NANCY A. BERRYHILL, ACTING | : |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| | : |
| Defendant. | : |

## O R D E R

**AND NOW**, this **22ND** day of **March, 2018**, upon consideration of the parties' submissions, the record, and the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (ECF No. 14), there being no objections,[1] it is hereby **ORDERED** that:

    1. The Report and Recommendation is **APPROVED** and

---

[1] When neither party files timely objections to a magistrate judge's report and recommendation ("R&R") on a dispositive issue, the district court is not required to review the R&R before adopting it. Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). However, the Third Circuit has held that "in the absence of objections . . . the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also Fed R. Civ. P. 72, 1983 advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In that neither party has filed objections to the R&R, this Court has reviewed it for clear error and has found none.

**ADOPTED**;

2. Plaintiff's Request for Review is **GRANTED** in part and **DENIED in part.** The Request for Review is **GRANTED** to the extent that it seeks a reversal of the Commissioner's decision denying Plaintiff's claim for benefits. The Request for Review is **DENIED** to the extent it seeks a determination by this Court that Plaintiff is entitled to social security benefits;

3. The Commissioner's decision denying Plaintiff's claim for benefits is **VACATED**;

4. This matter is **REMANDED** to the Commissioner of Social Security in accordance with the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation; and

5. The Clerk of Court shall remove this case from suspense and mark the case as **CLOSED**.

      **AND IT IS SO ORDERED.**

                              **/s/ Eduardo C. Robreno**
                              **EDUARDO C. ROBRENO, J.**